IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLINDA L. HAIR,<br><br>           Plaintiff<br><br>     VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>           Defendant | NO. 5:05-CV-113 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## **O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On April 13, 2001, plaintiff filed an application for Disability Insurance Benefits and Period of Disability. She alleged disability commencing on April 1, 1999, due hypothyroidism, lupus (Systematic Lupus Erythematosus (SLE)), and fibromyalgia. The application was denied initially and again after further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 *et seq*.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id*.

## DISCUSSION

The plaintiff contends that the Commissioner erred in two ways: first in discounting the opinions of the professionals who treated her, particularly with regard to the weight given to the opinion of the nurse practitioner who diagnosed most of the Ms. Hair's ailments; and second by failing to properly evaluate Ms. Hair's mental impairment.

With respect to considering the opinions of the treating professionals, 20 C.F.R. §404.1513 sets out what appears to be an exhaustive list of the sources qualified to provide evidence to establish an impairment: (1) licensed physicians; (2) licenced or certified psychologists; (3) licensed optometrists; (4) licensed podiatrists; and (5) qualified speech language pathologists. This list includes neither a nurse practitioner nor an "interdisciplinary team," a term plaintiff uses while citing *Gomez v. Chater*, 74 F.3d 967 (9th Circuit, 1996), in which more weight was afforded to the opinion of a treating doctor in conjunction with a nurse practitioner than was afforded to the opinion of an examining, non-treating psychologist.

*Gomez* cites 20 C.F.R. §416.913(a)(6), a subsection that has since been deleted, which gave the court justification for allowing an interdisciplinary team to qualify as a medical source.[2] Accordingly, all arguments Ms. Hair makes about the failure of the administrative law judge (ALJ) to assign proper weight to the opinions of the interdisciplinary team fail.

Ms. Hair makes two contentions as to her mental impairment claim, the first of which is that the ALJ failed to properly evaluate her condition. Dr. Davenport, who performed the medical status evaluation, and Dr. Telford, who submitted a non-examining medical expert report, reached differing conclusions as to whether or not Ms. Hair could work. Dr. Davenport found that Ms. Hair's ability to function in a 40 hour per week job in a competitive employment environment was precluded while Dr. Telford concluded that Ms. Hair's mental symptoms would substantially limit her ability to work. The ALJ admitted that Ms. Hair had a "severe mental impairment" based on the doctors' findings and Social Security Administration criteria, but found that she is not "so severely limited as to preclude all work activity." This conclusion is consistent with the opinion offered by Dr. Telford, and it is therefore supported by substantial evidence.

Ms. Hair's second argument about her mental health is that the ALJ's decision did not comply with the reporting requirements of *Moore v. Barnhart*. 405 F. 3d 1208. *Moore* requires the ALJ to append a completed Psychiatric Review Technique Form (PRTF) to the decision *or* incorporate its mode of analysis into the judge's findings.[3] In the present case, the court finds that the ALJ incorporated the PRTF's mode of analysis in the opinion. Therefore, remand is not required.

---

[2] Even before that section was deleted the signature of an acceptable medical source was necessary in order for the work of an interdisciplinary team to be considered medical evidence. In the present case, the documents relied on most heavily by the plaintiff are signed by the nurse practitioner, who is not a medical source.

[3] It is noted that the opinion in *Moore* does not include the term "and/or" as referenced in the plaintiff's brief, but rather only the disjunctive, in its requirements.

Accordingly, the Commissioner's decision is **AFFIRMED**.

SO ORDERED AND DIRECTED, this 20th day of JANUARY, 2006.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE